Galveston S. & H. Co. v. Consolidated Adjust. Co., 198 Ill. App. 191.

## Galveston Shoe & Hat Company, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 21,999.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed March 7, 1916. Rehearing denied March 20, 1916.

## Statement of the Case.

Action by Galveston Shoe & Hat Company, plaintiff, against Consolidated Adjustment Company, defendant, on guaranty by defendant to collect certain accounts. From a judgment by default for plaintiff, defendant appeals.

The contract sued on was similar to that in *Barstow Stove Co. v. Consolidated Adjustment Co.*, 175 Ill. App. 449, and noted in *Speer Hardware Co. v. Consolidated Adjustment Co., ante,* p. 190.

DELAVAN B. COLE, for appellant; ADELOR J. PETIT, of counsel.

DANIEL S. WENTWORTH, DAVID B. MALONEY and JOHN P. REED, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ESTOPPEL, § 89*—*when agent estopped to question character of accounts furnished by principal for collection.* A collection agency having guarantied in a contract the collection of certain accounts, a provision in that contract, whereby the agency reserves the right to cancel the contract and surrender all claims listed thereunder

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

at any time within six months from date, estops the agency from questioning the character of such accounts after the elapse of such six months.

2.   CONTRACTS, § 390*—*when question whether reasonable time has elapsed after expiration of contract within which to collect accounts for jury.*  In an action against a collection agency for breach of a guaranty to collect a certain number of accounts, whether a reasonable time has elapsed after the expiration of the contract within which to collect what they had guarantied is one of fact to be ascertained by the consideration of evidence.

3.   MUNICIPAL COURT OF CHICAGO, § 13*—*when order of court refusing to strike affidavit of defense from files not reversed.*  An order of the Municipal Court of Chicago in refusing to strike an affidavit of defense from the files on the ground that it was not filed in time will not be reversed where such course is not necessary to prevent a failure of justice.